IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERNARD STATEN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. CCB-18-1362 |
| WARDEN J. PHILIP MORGAN, | * | |
| Respondent. | * | |

\*\*\*
## MEMORANDUM OPINION

Petitioner Bernard Staten has filed a Petition for a Writ of Habeas Corpus challenging his conviction pursuant to 28 U.S.C. § 2254. ECF No. 1. Staten states as his ground for relief that the state court failed to make a finding that he knowingly and voluntarily waived his right to a jury trial. ECF No. 1 at 4-8. Respondent Warden J. Philip Morgan filed a "Limited Answer" asserting that Staten's claims may not be considered by this court because the Petition was not timely filed within the one-year limitations period under 28 U.S.C. § 2244. ECF No. 6. Respondent also asserts that Staten is not entitled either to statutory tolling or an equitable exception to the one-year filing deadline.

Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Staten was afforded an opportunity to explain why the Petition should not be dismissed as time barred. ECF No. 8. Staten filed two replies. ECF Nos. 7, 9. Staten states that his attorney dismissed his direct appeal without his consent and it would be a "miscarriage of justice" for the court to not consider the merits of his claim. ECF No. 7 at 2-3; ECF No. 9 at 2-3, 5. He also states that he is innocent and this court should grant relief. ECF No. 7 at 5; ECF No. 9 at 5.

No hearing is necessary to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v.*

*Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons set forth below, the court shall deny the Petition.  The court also declines to issue a certificate of appealability.

## BACKGROUND

Staten was convicted in a one-day trial held before a Judge in the Circuit Court for Baltimore County on November 4, 2010.  Staten was convicted of kidnapping, robbery, and related offenses.  ECF No. 6-1 at 4-5.  He was sentenced on March 14, 2011, to an aggregate 25-year term of incarceration. ECF No. 6-1 at 4.

Prior to trial commencing on November 4, 2010, Staten's attorney questioned him on the record regarding a waiver of his right to a jury trial.  ECF No. 1-1.  Staten testified that he elected to proceed by way of a "Court trial before the Judge" and not by a jury trial.  *Id.*

Staten filed a timely notice of appeal on March 16, 2011.  ECF No. 6-1 at 7.  Staten's attorney filed a line dismissing his appeal on May 25, 2011 and the appeal was dismissed on that date.  *Id.* at 8.  The mandate of dismissal issued on May 26, 2011.  *Id.*

On June 8, 2011, Staten filed a petition for post-conviction relief.  On June 28, 2011, Staten filed a motion to dismiss the petition and the petition was dismissed without prejudice on that date.  *Id.* at 7.  On July 28, 2011, Staten filed another petition for post-conviction relief, which was denied on July 8, 2013.  *Id.* at 7-8.  Staten filed an application for leave to appeal to the Maryland Court of Special Appeals that was denied on April 24, 2014, and the mandate issued on May 27, 2014.  *Id.* at 9-10.

On November 12, 2013, while Staten's petition for post-conviction relief was pending, he filed a motion to correct illegal sentence that was denied on December 9, 2013.  *Id.* at 9.  He appealed the denial of the motion to the Court of Special Appeals. The denial was affirmed on July

14, 2015, and the mandate issued on August 13, 2015. *Id.* at 9-10. Staten did not seek further review of this decision.

On April 30, 2015, while Staten's appeal on the denial to correct sentence was pending, Staten filed a motion to reopen his petition for post-conviction relief. This motion was denied on July 28, 2015. *Id.* at 10. Staten filed an application for leave to appeal the denial of the motion to the Court of Special Appeals. *Id.* The application was denied on September 27, 2016, and the mandate issued on October 27, 2016. *Id.* at 12.

On November 25, 2015, Staten filed a second motion to reopen his petition for post-conviction relief and the motion was denied on July 7, 2016. *Id.* at 11. He filed an application for leave to appeal the denial of the motion to the Court of Special Appeals. The application was denied on March 13, 2017. Staten filed a motion for reconsideration which was also denied, and the mandate was issued on May 1, 2017. *Id.* at 12-13. Staten sought review by the Maryland Court of Appeals and this request was dismissed on October 25, 2017, as untimely filed. *Id.* at 12.

On June 19, 2017, Staten filed a petition for writ of habeas corpus in the Circuit Court for Baltimore County. *Id.* at 12. The habeas petition was denied on June 30, 2017. *Id.*

Staten filed his § 2254 Petition with this court on April 30, 2018. ECF No. 1 at 9; ECF No. 6 at 1. *See* Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 3(d) (mandating prison-mail box rule); *Houston v. Lack*, 487 U.S. 266, 274 (1988).

## STANDARDS OF REVIEW

### A.   Timeliness

Under 28 U.S.C. § 2244(d)(1), a petition for writ of habeas corpus must be filed within a one-year limitations period, which runs from the latest of:

>  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period, however, is tolled while properly filed state post-conviction proceedings are pending. *Id.* § 2244(d)(2).

### B. Equitable Tolling

Under limited circumstances, the one-year limitations period for filing a habeas petition may be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). To invoke equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris*, 209 F.3d at 330).

### C. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but it should be weighed as a factor in determining whether actual

4

innocence has been reliably established. *Id*. at 399-400. But, the Court cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019).

The *McQuiggin* decision did not create a new right to habeas review, nor did it change existing law. Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review. To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Schlup*, 513 U. S. at 324. New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *see Finch*, 914 F.3d at 298. The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir. 1998). And, the new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

## ANALYSIS

Respondent asserts that the Petition is time barred and should be dismissed because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Respondent further asserts that Staten is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) or an equitable exception. ECF No. 6.

Staten's conviction became final for direct review purposes on May 26, 2011, when the

mandate issued dismissing his appeal. Staten filed his first post-conviction petition on June 8, 2011, 13 days after his conviction became final, leaving 352 days left in the one year period. Staten withdrew his petition on June 28, 2011 and refiled the petition 30 days later on July 28, 2011, leaving 322 days left in the one year period.

The limitations period remained tolled until May 1, 2017, when the Maryland Court of Special Appeals issued a mandate denying his application for leave to appeal the denial of his second motion to reopen his petition for post-conviction relief.  Although Staten sought review of the denial in the Maryland Court of Appeals, Maryland law does not allow further review of a denial of leave to appeal.  Additionally, the Court of Appeals dismissed this request on October 25, 2017, as untimely filed.  Because the application was untimely, it was not deemed "properly filed" pursuant to § 2244(d)(2).  *See Evans v. Chavis*, 546 U.S. 189, 191 (2006).  Thus, the limitations period was not tolled during the time following the denial by the Court of Special Appeals.

Staten filed his state court petition for writ of habeas corpus on June 19, 2017, 49 days after the state post-conviction proceedings concluded on May 1, 2017, leaving 273 days in the one year period.  The habeas petition was denied by the court on June 30, 2017.  *Id.*  The one-year limitations period was tolled during the 11-day time period between June 19, 2017 and June 30, 2017.  *See Stone v. Campbell*, CIV. No. TDC-19-1430, 2020 WL 3060394, at *3 (D. Md. June 9, 2020)[1] (citing *Gray v. Ballard*, 848 F.3d 318, 322 n.5 (4th Cir. 2017) (finding that state habeas petitions are applications for collateral review that toll the limitations period under § 2244(d)(2))).

Staten did not file this federal petition until April 30, 2018.  The one year limitations

---

[1] Unpublished opinions are cited for the soundness of their reasoning and not for their precedential value.

period had, however, expired on March 30, 2018. Staten's petition was filed 31 days too late.

Staten did not assert an equitable tolling argument in his Petition, but because these issues were raised by Respondent in the memorandum of law the court provided Staten with a specific opportunity to address this issue. ECF Nos. 6, 8. In Staten's replies, he does not assert that there was any impediment to filing his application caused by state action, any newly recognized constitutional right, or any newly discovered factual predicate underlying his claims that would present a situation indicating that he timely filed his Petition within the one-year period. *See* 28 U.S.C. § 2244(d)(1)(B)(C)(D). *See generally* ECF Nos. 1, 7, 9. Staten asserts that he is entitled to equitable tolling due to the dismissal of his direct appeal by his attorney without his consent. *See* ECF No. 9 at 1-2. He also asserts actual innocence. ECF No. 9 at 5.

Staten does not provide any information indicating how the withdrawal of his appeal by his attorney, without his consent, impacted his ability to timely file a § 2254 petition. Staten's direct appeal was dismissed on May 26, 2011 and he filed his first postconviction petition on June 8, 2011. There was a total gap of 13 days between these two events. The record indicates that Staten was aware at some point that the appeal had been withdrawn, as he filed his post-conviction petition within the next 13 days. Even if there was merit to holding Staten harmless for this 13 day gap it would be insufficient to establish that his 2254 petition was timely filed. He would still be 18 days too late in filing the petition.

Generally, and critically so, attorney error is not a basis for equitable tolling. *Harris*, 209 F.3d at 330-331 (denying equitable tolling where attorney conceded that he gave petitioner erroneous advice regarding the deadline for filing his habeas petition); *Lyles v. United States*, CIV No. ELH-14-0496, 2015 WL 1624822, at *4 (D. Md. Apr. 9, 2015) (denying equitable tolling in an action filed pursuant to 28 U.S.C. § 2255 where attorney failed to file notice of

appeal).  Staten has not presented facts to establish that he is entitled to equitable tolling.

Staten also states that he is innocent because the conviction is based on the "inconsistency of statements to obtain a conviction as well as counsel failure to effectively cross-examine inconsistencies."  ECF No. 7 at 5; ECF No. 9 at 5.  Staten does not provide any new information to this court in support of an actual innocence claim.  He does not advance an argument that relies on new evidence that is reliable, or otherwise affirmatively demonstrates his innocence.  Rather, Staten simply reflects back to testimony at trial and his attorney's handling of cross-examination.  This is insufficient for the court to find that Staten has met the showing required for actual innocence and for the court to consider the merit of his claims.  *See McQuiggin*, 569 U.S. at 394-95 (stating that the merits of a petition which is concededly time-barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" the petitioner) (quoting *Schlup*, 513 U.S. at 329).

For the reasons stated herein, the relief sought must be denied and the Petition shall be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Staten fails to meet this standard and a Certificate of Appealability shall not issue.

Staten may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

__June 2, 2021__  
Date

_____/S/_____  
Catherine C. Blake  
United States District Judge